## American Brake Shoe & Foundry Company v. Peter Toluszis.

1. ' MASTER—*duty of, to warn inexperienced servant.* It is the duty of a master to warn an ignorant and inexperienced servant of dangers not open, apparent and to be foreseen and appreciated by such a servant.

2. ASSUMED RISK—*when doctrine of, applies to inexperienced servant.* An inexperienced servant temporarily engaged in more hazardous work than that for which he has been employed, takes upon himself all such risks incident to such work as are equally open to the observation of himself and his master.

Action on the case for personal injuries. Appeal from the City Court of Chicago Heights; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed, with finding of facts. Opinion filed March 23, 1906. Rehearing denied April 17, 1906.

**Statement by the Court.** This is an appeal by the defendant from a judgment for $1000 recovered against it in the City Court of Chicago Heights by the plaintiff, in an action on the case for personal injuries sustained by

the plaintiff while operating a stamping or shaping machine for the defendant. The ground of recovery alleged in the declaration was, that the plaintiff was inexperienced in the use of machinery, was employed by the defendant as a laborer, and had no knowledge of the danger attending the operation of said stamping machine, and was negligently, etc., ordered by the defendant to operate said machine without the defendant informing him of the danger attendant upon its operation or instructing him how to operate it, and that while so operating said machine, with due care, etc., two fingers of his left hand were caught in said machine and so injured that it was necessary to amputate them.

HORTON & BROWN, for appellant.

GEORGE A. BRINKMAN and PAUL P. HARRIS, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The stamping machine in question had an iron frame on the top of which a die plate, which carried the male die, moved horizontally in slides or guides. At one end of the frame was fastened a stationary die plate which carried the female die. The machine was driven by electricity, which drove a large driving wheel, and the circular motion of that wheel was changed into reciprocating motion by cranks. There was a crank rod on each side of the driving wheel which led from a crank pin to the male die plate, which is called a plunger. With each revolution of the driving wheel the plunger was pushed forward until the male die entered the female die and was then drawn back to the other end of the frame and then pushed forward again. The pinion which communicated the power to the driving wheel was raised and lowered by a lever by means of which the man in charge of the machine could throw the machine out of gear and stop the stroke of the plunger at any time. The "throw" of the machine was two feet; that is, the plunger moved forward two feet and backward two feet with each revolution of the driving wheel, and that

wheel revolved from ten to fifteen times per minute. The machine, its movements and the mechanism which caused such movements, were all uncovered and exposed to view.

The plaintiff before the day of the accident had been in the service of the defendant as a laborer. On the morning of that day he was put to work on said stamping machine. His duty was, as the plunger moved backward from the female die, to take from a barrel pieces of tin with his right hand and with the other hand place them, one by one, in front of the female die. When the male die came forward and stamped the plates they were expected to fall down between the sides of the frame of the machine without any person touching them. The foreman of the defendant, who directed the plaintiff to go to work upon the stamping machine, according to the testimony of the plaintiff, showed him how to operate the machine and put one piece of tin through the machine. Plaintiff worked on the machine three or four hours and stopped it once by using the lever. Then in putting the pieces of tin in front of the female die, one of the pieces fell down and he attempted to set it up again, and to do so put his hand in front of the female die and while it was there the plunger came forward and caught his fingers between the male and female die and injured them. Upon his cross-examination plaintiff testified as follows:

"Q. The head and foot of this machine came flat together, did they not?

A. Came together and in that way it (the tin) gets bent.

Q. You can see them come together, can't you?

A. Yes, you can see it.

Q. You knew if that came together with your fingers in there, that would cut your fingers off, didn't you?

A. Well, I straightened up that piece of tin, and at that time they caught my fingers and cut them off. It was laying flat and I went to straighten it up.

Question repeated.

A. Yes, of course, if it came together it would cut my fingers.

Q. You could see it coming together?

A. Well, I see it, that machine comes together and is going to bend those pieces."

The plaintiff was ignorant and inexperienced and this was known to the defendant when it put him at work upon the machine. It was therefore the duty of the defendant to warn the plaintiff of dangers not open, apparent and to be foreseen and appreciated by an ignorant and inexperienced person in the operation of the machine. On the other hand, no duty rested upon the defendant to warn the plaintiff of dangers which were open, apparent, foreseen and appreciated by him. C. & A. R. R. Co. v. Bell, 209 Ill., 25.

"Where a servant is temporarily engaged in more hazardous work than that for which he was employed, he takes upon himself all such risks incident to the work, as are equally open to the observation of himself and the master." Consolidated Coal Co. v. Haenni, 146 Ill., 614–625.

In this case the danger was apparent. The plaintiff while at work stood by the side of the machine. The machine was entirely open and uncovered. The plunger which carried the male die rested upon the top of the sides of the frame of the machine and was held in place by a flange which projected inward from that part of the plunger which passed outside of and below the top of the frame and under a flange which projected outward from the top of the sides of the frame. With every revolution of the driving wheel this plunger moved forward to the head which carried the female die and then backward to the point farthest removed from that head. The danger resulting from the operation of the machine was not only obvious and apparent, but, as appears from the testimony of the plaintiff, was known and appreciated by him. He testified that he could see the die heads coming together and knew that if they came together when his fingers were between them, his fingers would be cut off.

Against the danger of permitting his finger to be between the die heads when they came together it was in the nature of things impossible to protect the plaintiff. He must use his fingers to put the pieces of tin in place. The only dan-

40

ger connected with the operation of the machine was the danger, or rather certainty, of injury, if the plaintiff permitted his finger to be between the die heads when they came together. Plaintiff knew that he would be injured by the die heads coming together as they did while his fingers were between them, and as such danger was open, apparent and known and appreciated by the plaintiff, it was not the duty of the defendant to warn plaintiff that it was dangerous for him to permit his fingers to be caught between the die heads when they came together, and its failure to so warn him was not negligence.

The judgment will be reversed with a finding of facts.

*Reversed with finding of facts.*